UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **JAMES WILLIAMS,** : | Case No. 2:23-cv-576 |
| Petitioner, : | |
| vs. : | Judge Sarah D. Morrison |
| : | Magistrate Judge Chelsey M. Vascura |
| **WARDEN, SUMMIT BEHAVIORAL HEALTHCARE,** : | |
| Respondent. : | |

## REPORT AND RECOMMENDATIONS

James Williams, a state pretrial detainee proceeding without the assistance of counsel, instituted this action with a document entitled "Petitioner's Motion to Refile or For Reconsideration of 'Writ For Habeas Corpus Relief' for Good Cause Shown 'Under 28 U.S.C. 2241/State Custody.'" (ECF No. 1.)  In it, Petitioner refers to his previous habeas corpus actions, Case Nos. 2:22-cv-3822 and 2:22-cv-4205.  (*Id.*, PageID 1.)  He asserts that his cases were dismissed "without prejudice to refiling on the fast & speedy trial and bond issues" and appears to seek to raise these issues again.  (ECF No. 1, PageID 1-2.)

Petitioner's assertion is partially correct.  He voluntarily dismissed his first habeas case, brought under 28 U.S.C. § 2254.  *See Williams v. Warden, Summit Behavioral Healthcare*, No. 2:22-cv-3882 (ECF Nos. 39, 40 therein).  This Court dismissed his second habeas case, brought under 28 U.S.C. § 2241, on January 9, 2023.  *See Williams v. Sheriff, Greene Cty. Adult Det. Ctr.,* No. 2:22-cv-4205, 2023 WL 130732 (S.D. Ohio Jan. 9, 2023) (ECF No. 5 therein).  In the second case:

> The Magistrate Judge performed a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Court

> ("Habeas Rules"). The Magistrate Judge recommended that the Court dismiss the Complaint because the conditions for *Younger* abstention are present, no relevant exceptions apply, and the Petitioner has not exhausted his state-court remedies. (ECF No. 3] PAGEID # 14–19.) The Magistrate Judge also recommended that the Court deny certification of appealability pursuant to Rule 11 of the Habeas Rules. (*Id.* PAGEID # 19–20.) Finally, the Magistrate recommended that the court certify that any appeal of this order would not be taken in good faith, and on that basis deny Petitioner leave to proceed *in forma pauperis* on appeal. (*Id.* PAGEID # 21.) The time for filing objections has passed, and no objections have been filed.
>
> For the reasons set forth therein, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 3) the Petition is **DISMISSED** *without prejudice to refiling (with respect to the speedy trial and reasonable bond issues) after state court remedies are exhausted*. The Court **DENIES** a certificate of appealability pursuant to Rule 11 of the of the Habeas Rules for the reasons put forth by the Magistrate Judge and also because Petitioner has waived the right to appeal by failing to file objections. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) ( "[F]ailure to object to the magistrate judge's recommendations constituted a waiver of [the] ability to appeal the district court's ruling.").

*Williams*, 2023 WL 130732 at *1 (emphasis added).

In Petitioner's new filing, he appears to seek to raise the same claims about his rights to a speedy trial, a reasonable bond, due process, and self-representation. (ECF No. 1.) But he does not allege that his state-court remedies have been exhausted. As discussed below, they have not. Accordingly, the undersigned **RECOMMENDS** that this new § 2241 habeas action be **DISMISSED** for the same reasons as the previous § 2241 habeas action.

## I. BACKGROUND

Because Petitioner has not filed a fully supported habeas petition in this action, the undersigned will refer to the facts as detailed in Petitioner's previous § 2241 case, No. 2:22-cv-4205 (hereinafter, the "Previous § 2241 Case"). In the undersigned's Report and Recommendations issued in that case, the Court noted:

> Petitioner is a pretrial detainee. (ECF No. 1, PageID 1.) At the time this Petition was filed, he was detained at the Greene County Adult Detention Center, awaiting trial in the Greene County, Ohio, Court of Common Pleas. (*Id.* (citing Case Nos. 2022CR0190 and 2022CR0313—hereinafter, the "Criminal Cases").)

2

> Petitioner alleges that the Criminal Cases should have been dismissed because of the State's failure to prosecute him by the "90th day," or October 6, 2022. (ECF No. 1, PageID 2.) Instead, on October 6, 2022, the Greene County Court found him incompetent to stand trial and committed him to Summit Behavioral Healthcare. (*Id*., PageID 1-2.) Petitioner alleges this was part of a "scheme" or "tactic" to extend his 90-day speedy trial deadline. (*Id*.)
>
> Petitioner appealed the Greene County Court's October 6, 2022 entry. (ECF No. 1, PageID 2 (citing Case No. 2022-CA-55—hereinafter, the "Criminal Appeal").) That appeal is currently pending. (*Id*.)
>
> Petitioner sought habeas corpus relief in this Court shortly thereafter in a separate case. (ECF No. 1, PageID 3-4.) *See* Case No. 2:22-cv-3822. His "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" filed in Case No. 2:22-cv-3822 is being resolved separately. Petitioner submitted the "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" that instituted this case on November 15, 2022. (ECF No. 1, PageID 9.) It was received by the Clerk of Court and filed on November 18, 2022.
>
> In his § 2241 Petition, Petitioner seeks an immediate dismissal of the charges against him and his immediate release from custody. (ECF No. 1, PageID 8.)

*Williams v. Sheriff, Greene Cty. Adult Det. Ctr.*, No. 2:22-cv-4205, 2022 WL 17669945, at *1 (S.D. Ohio Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130732 (S.D. Ohio Jan. 9, 2023).

Petitioner filed this action approximately one month after the Court dismissed his Previous § 2241 Case. (ECF No. 1.) It is currently before the Court for a preliminary review.

## II. STANDARD OF REVIEW

Pursuant to Rule 4 of the Habeas Rules, the Court must conduct a preliminary review of a petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

3

Here, it plainly appears that Petitioner is not entitled to relief in this case, for the same reasons that he was not entitled to relief in the Previous § 2241 Case, namely, the conditions for *Younger* abstention are present, no relevant exceptions apply, and Petitioner has not exhausted his state-court remedies. There appears to be no material difference between Petitioner's circumstances in this case and the Previous § 2241 Case.

### III. ANALYSIS

The undersigned concluded that Petitioner was not entitled to relief in the Previous § 2241 Case. As discussed in the Report and Recommendations issued in that case:

> A pretrial detainee may, under some circumstances, seek federal habeas corpus relief under 28 U.S.C. § 2241. The United States Court of Appeals for the Sixth Circuit has explained that this avenue for relief is limited by the *Younger* abstention doctrine:
>
>> Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Because "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), federal courts may intervene only in "extraordinary circumstances," *Younger*, 401 U.S. at 53, such as when the prosecution is done in bad faith or to harass or when the state criminal law is flagrantly unconstitutional, *see id*. at 53-54.
>
> *Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021). "Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Atkins v. Mich*., 644 F.2d 543, 546 (6th Cir. 1981).
>
> This Court may abstain under *Younger* where "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Tr*., 707 F.3d 699, 701 (6th Cir. 2013) (citing *Habich v. Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003)).
>
> The conditions for abstention are present here. Both the Criminal Cases and the Criminal Appeal were pending in state court on November 15, 2022, when this § 2241 Petition was submitted. (ECF No. 1, PageID 1-2.) *See Nimer*, 707 F.3d at 701 (referring to the "day-of-filing" rule). A review of the dockets confirms this. *See*

4

Online Docket Sheets of the Criminal Cases and the Criminal Appeal, available by name or case number search at https://courts.greenecountyohio.gov/eservices/ (accessed Dec. 14, 2022).

These cases also involve important state interests; "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Finally, there is no indication that these state cases would not provide Petitioner an adequate opportunity to raise his claims. In particular, these issues appear to be squarely before Ohio's Second District Court of Appeals in the Criminal Appeal, as Petitioner says that he raises in his Criminal Appeal all the issues raised herein. (ECF No. 1, PageID 2.) The state appellate court has granted Petitioner leave to appeal and recently appointed counsel to represent him in the appeal. *See* Online Docket Sheet, Case No. 2022-CA-0055 (Nov. 4, 2022 and Dec. 2, 2022 orders). Although Petitioner criticizes the state trial court's handling of his requests for relief (ECF No. 1, PageID 7), there is no indication that the state appellate court cannot or will not consider his claims in the ordinary course of the appeal.

Moreover, there are no extraordinary circumstances presented here that would warrant consideration of this Petition. *See Folley*, 2020 WL 9813535, at *2 (so finding where the petitioner, like Petitioner here, was found to be incompetent to stand trial and was committed for treatment to restore competence, and then filed his § 2241 habeas corpus petition alleging the denial of a speedy trial, among other things). Accordingly, the undersigned concludes that this Court should abstain from considering the merits of this pre-trial § 2241 petition.

The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition." *Folley*, 2020 WL 9813535, at *2. They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *Id*. (citations omitted).[1]

Petitioner is not facing a second trial or retrial, thus the second and third exceptions do not apply. The first exception, that "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted," is potentially relevant but is

---

[1] Footnote 3 in the previous Report and Recommendations states as follows:

> The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549. Here, the Online Docket Sheets reflect that Petitioner was released for a time on an own recognizance bond in the first Criminal Case (possession of controlled substances), before being arrested in the second Criminal Case (aggravated arson). It is not clear how bond was handled in the second Criminal Case, although it appears that a bond hearing was scheduled and rescheduled more than once before competency became an issue. The analysis concerning the exhaustion of remedies, below, applies to this claim.

5

not satisfied here. That is, here Petitioner seeks *release* from custody rather than to be provided with a speedy trial, and he has not exhausted his state-court remedies.

The Sixth Circuit has held that release "from custody and dismissal of the indictment for [an] alleged speedy trial violation . . . *cannot be attained by way of a pretrial § 2241 petition.*" *Folley*, 2020 WL 9813535, at *2 (emphasis added). In contrast, a request "that the state be ordered to grant [petitioner] his right to a prompt trial . . . may be considered by pretrial habeas corpus, provided the state courts have had an opportunity to resolve the issue." *Atkins*, 644 F.2d at 548. *See also Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio Dec. 9, 2011) (observing the distinction between "a defendant disrupting the orderly functioning of a state's judicial process as opposed to enforcing his right to have the state bring him promptly to trial.") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987)).

Here, Petitioner seeks release from custody and dismissal of the charges against him. His request for relief in the Petition states as follows:

> "An immediate dismissal of my charges" for States failure to Prosecute As of Oct. 6, 2022 and "An immediate order for my release from Greene Co. Adult Detention Center or Summit Behavioral Heath if I end up shipped there before this Court issues ruling."

(ECF No. 1, PageID 8; *see also* ECF No. 1, PageID 3 (noting that he is "confident this Court will intervene & set me free.").) Because Petitioner seeks only release and dismissal of the charges against him, the exception that might allow this Court to consider his Petition does not apply. *See Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010), *report and recommendation adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (federal intervention to consider speedy trial claim was inappropriate where the petitioner "does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him").

In addition, Petitioner has not exhausted his state-court remedies. "Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). As noted above, Petitioner's Criminal Cases and Criminal Appeal are pending in state court. (*See also* ECF No. 1, PageID 2.) The issues presented in the Petition are currently under review by the state appellate court.

6

> (*Id*.) His state-court remedies are therefore not exhausted, and this Court cannot proceed to consider his claims.[2]
>
> The undersigned concludes that the conditions for abstention exist here, and that no recognized exceptions apply here. Although Petitioner raises a speedy trial claim here, he seeks release from custody, relief he cannot obtain under § 2241. In addition, his claims are unexhausted and currently pending in state court. Considerations of comity dictate that the state courts have the opportunity to resolve these issues first.
>
> The undersigned accordingly concludes Petitioner is plainly not entitled to relief on his Petition. It should be dismissed without prejudice to refiling (with respect to the speedy trial and reasonable bond issues) after state-court remedies are exhausted.

*Williams v. Sheriff, Greene Cty. Adult Det. Ctr.*, No. 2:22-cv-4205, 2022 WL 17669945, at *2-4 (S.D. Ohio Dec. 14, 2022) (some footnotes omitted). The Court adopted this Report and Recommendations, dismissing the previous petition "without prejudice to refiling (with respect to the speedy trial and reasonable bond issues) after state court remedies are exhausted." *Id*. at *1.

Petitioner refers to this language in his new filing. He says that he is "refiling or asking for reconsideration of" his petitions "previously filed in Case Numbers 2:22-cv-3822[3] and 2:22-cv-4205 but dismissed without prejudice to refiling on the fast & speedy trial and bond issues herein or therein." (ECF No. 1, PageID 1-2.) But he disregards the final phrase of this Court's dismissal language: that refiling may occur "after state court remedies are exhausted."

---

[2] Footnote 4 in the previous Report and Recommendations said: "Exhaustion is both an element of the recognized exception to *Younger* abstention, as well as a freestanding requirement that generally applies to all habeas corpus petitions. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that a petitioner is required to exhaust his state-court remedies under either § 2241 or § 2254)."

[3] As noted above, Case No. 2:22-cv-3822 (Petitioner's § 2254 habeas corpus action) was dismissed after Petitioner submitted a motion to dismiss "any/all other pending civil matters in this Court" on January 10, 2023. The Court granted his motion in Case No. 2:22-cv-3822 on January 24, 2023. (*See* ECF Nos. 39, 40 in Case No. 2:22-cv-3822.) Before this, however, the undersigned had recommended that the Court dismiss Case No. 2:22-cv-3822 because Petitioner could not obtain relief as a matter law under § 2254 as a pretrial detainee; pretrial detainees must proceed under § 2241. (*See* ECF No. 27 therein.) Petitioner's new filing in this case does not address this issue at all and expressly seeks to proceed under § 2241. (ECF No. 1, PageID 1.)

Petitioner does not allege that state-court remedies are exhausted.  A review of the Online Docket Sheets for his state-court cases confirms that they are not as of the date of this writing.  Specifically:

- Greene County Common Pleas Court Case No. **2022 CR 0190** (charging possession of controlled substances) was instituted on May 16, 2022, and remains unresolved.

- Greene County Common Pleas Court Case No. **2022 CR 0313** (charging aggravated arson) was instituted on July 15, 2022, and remains unresolved.

- Second Appellate District Case No. **2022 CA 0055** (appealing the order finding Petitioner incompetent to stand trial and transporting him to Summit Behavioral Healthcare for treatment) was instituted on October 17 or 18, 2022, and remains unresolved.

The Online Docket Sheets for these cases are available by name or case number search at https://courts.greenecountyohio.gov/eservices/ (accessed Feb. 17, 2023).[4]  The undersigned notes that resolution of these three listed cases at the trial court level will not exhaust state-court remedies.  Exhaustion "usually requires that [habeas petitioners] appeal an adverse decision all the way to the state's court of last resort."  *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).  Here, that is the Supreme Court of Ohio.

Petitioner's new request for habeas corpus relief is thus remains in the same procedural posture as his request for such relief in the Previous § 2241 Case.  It is therefore subject to dismissal for the same reasons:  because the conditions for abstention under *Younger* are present, no relevant exceptions apply, and Petitioner has not exhausted his state-court remedies.

---

[4] This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

8

The undersigned offers two additional observations. First, Petitioner's new filing appears to focus on his claim that he has been denied the right to self-representation in the state trial court and has not been permitted to include that issue in his pending interlocutory appeal. (ECF No. 1, PageID 2-6.) Without reaching the merits of this claim, the undersigned notes that a claim alleging the denial of the right to self-representation is not a recognized exception to the *Younger* abstention doctrine that would allow this Court to consider Petitioner's § 2241 claim while his state-court cases are pending. *See generally Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *1 (6th Cir. Aug. 31, 2020) (agreeing, in case where petitioner initially raised a self-representation issue, that abstention was proper). To the extent Petitioner is suggesting that abstention is not appropriate because he cannot adequately raise the issue in state court, the undersigned notes that this issue has been successfully raised in Ohio court, albeit at a different juncture. *See, e.g., Smith v. Coleman*, 521 F. App'x 444, 446 (6th Cir. 2013) (noting that the Ohio Court of Appeals had ordered a new trial for a defendant who successfully argued on direct appeal that he was denied the right to self-representation).

Second, the undersigned notes that even if Petitioner had requested a speedy trial rather than immediate release from custody, such a request does not serve to invoke the exceptions to the *Younger* abstention doctrine discussed above. Put another way, Petitioner still has not exhausted his state-court remedies, which is required for the exceptions to apply, and is also required generally for all habeas petitioners seeking relief in federal court. *See Collins*, 121 F. App'x at 630 (a petitioner is required to exhaust his state-court remedies under either § 2241 or § 2254). Moreover, this case does not present "extraordinary circumstances" that would justify this Court's intervention in the state court matters. *See Folley*, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (so finding in an analogous case). Accordingly, the undersigned again concludes

that Petitioner is plainly not entitled to relief in this case and recommends that this case be dismissed without prejudice to refiling (with respect to the speedy trial and reasonable bond issues) *after* Petitioner exhausts state-court remedies.

## IV. CERTIFICATE OF APPEALABILITY

A state pretrial detainee seeking federal habeas corpus relief is not automatically entitled to appeal a district court's decision denying relief unless the district court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); *Winburn v. Nagy*, 956 F.3d 909 (6th Cir. 2020). A district court must issue or deny a COA "when it enters a final order adverse to the applicant." Rule 11, Habeas Rules.

To be entitled to a COA, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit has also cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

"When a district court denies a claim on procedural grounds, the court may issue a COA only if the applicant shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Hill v. Bauman*, No. 20-1091, 2020 WL 4346669, at *1 (6th Cir. May 21, 2020) (quoting *Slack*, 529 U.S. at 484).

Here, reasonable jurists would not find it debatable that this Court should abstain under the circumstances presented here, as Petitioner has not exhausted his state-court remedies. A certificate of appealability, therefore, should be denied.

## V. DISPOSITION

Having reviewed the new filing (ECF No. 1) under Rule 4 of the Habeas Rules, the undersigned **RECOMMENDS** that:

1. The Court **DISMISS** the filing herein **WITHOUT PREJUDICE** to refiling (with respect to the speedy trial and reasonable bond issues) *after state-court remedies are fully exhausted.*

2. The Court **DENY** a certificate of appealability.

3. The Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

>  */s/ Chelsey M. Vascura*
>  Chelsey M. Vascura
>  UNITED STATES MAGISTRATE JUDGE