## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JAMES WILLIAMS,**

               **Petitioner,**        :

                                      **Case No. 2:23-cv-576**

      **v.**                          **Judge Sarah D. Morrison**

                                      **Magistrate Judge Chelsey M. Vascura**

**Summit Behavioral Healthcare**    :

               **Respondent.**

## <u>OPINION AND ORDER</u>

Petitioner James Williams, a state pretrial detainee proceeding *pro se*, instituted this action under 28 U.S.C. § 2241 asserting three grounds for relief (1) Denial of Right to Self-Representation, (2) Denial of Right to Reasonable Bond, (3) Denial of Right to Speedy Trial. (ECF No. 1, PAGEID # 4.) Mr. Williams previously filed petitions under § 2241 seeking relief on the same grounds. (*See* Case No. 22-cv-4205 (dismissed without prejudice to refiling, as to speedy trial and reasonable bond issues, after state court remedies are exhausted) and Case No. 2:22-cv-3882 (voluntarily dismissed).) This time, Mr. Williams does not seek immediate release or dismissal of his pending charges, but rather he requests that this Court intervene in his state court prosecution to enforce his constitutional rights. (ECF No. 1, PAGEID # 7–8.) The Magistrate Judge concluded that, regardless of the relief he seeks, "the conditions for *Younger* abstention are present, no relevant exceptions apply, and [Mr. Williams] has not exhausted his state-court remedies," and

recommended dismissal of the case. (Report & Recommendation, ECF No. 5, PAGEID # 20.)

This matter is now before the Court on Mr. Williams's Objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 7, 8.)

## I. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

The Court has reviewed the Report and Recommendation and Mr. Williams's Objections[1] and finds no error in the Magistrate Judge's conclusions or reasoning.

---

[1] After the period for objecting to the R&R concluded, Mr. Williams filed two additional memoranda in support of his claims. (ECF Nos. 11, 12.) Construing these additional memoranda as objections to the R&R, they are untimely and will not be considered. However, even if the Court were to consider these filings, they lend further support to the Magistrate Judge's conclusion that Mr. Williams has not exhausted his state court remedies and that he retains the ability to appeal the alleged denial of his right to self-representation in state court. (ECF No. 11, PAGEID # 104–05 (citing *State v. Williams*, No. 2022-CA-0055, 2023 WL 2619173, 2023-Ohio-965, ¶ 31 ("[W]e find the issue of the denial of Williams's right to self-representation to be distinct from a competency determination for purposes of R.C. 2505.02(B)(4). Should Williams ultimately be convicted of the charges against him, he can appeal from the denial of his request to represent himself at that time.")).)

## A.    Exhaustion of State Court Remedies

In his first objection, Mr. Williams states that he has exhausted his state court remedies. (ECF No. 7, PAGEID # 38–39.) Simply because Mr. Williams says it, does not make it so. Exhaustion generally requires an appeal "all the way to the state's court of last resort." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012); *see also id.* at 810 n. 4. As of the filing of his petition, none of Mr. Williams claims had been submitted to the Ohio Supreme Court.[2] As such, Mr. Williams has not exhausted his state court remedies.

Mr. Williams's first objection is **OVERRULED**.

## B.    No Reasonable Opportunity to Object or Appeal

In his second objection, Mr. Williams argues that he has had no reasonable opportunity to assert his constitutional rights in state court. (ECF No. 7, PAGEID # 38–39; ECF No. 8, PAGEID # 50, 52.) Specifically, Mr. Williams complains that the state court has struck all of his *pro se* motions asserting his rights to speedy trial, reasonable bond, and self-representation. (ECF No. 8, PAGEID # 52.) The reason Mr. Williams has been unable to file his own motions is that the trial court determined that he is not competent to stand trial or to represent himself. (*See* Oct. 6, 2022 Competency Hearing Transcripts, ECF No. 10-1.) *See also State v. Lamb*, 110 N.E.3d 564, 585 (Ohio Ct. App. 2018) ("[W]hen counsel represents a criminal defendant, a trial court may not entertain a defendant's *pro se* motion.") (citations

---

[2] The Docket Sheets for Mr. Williams's state court cases (Green County Common Pleas Case Nos. 2022-CR-0190 and 2022-CR-0313 and Second Appellate District Case No. 2022-CA-0055) are available by name or case number search at https://courts.greenecountyohio.gov/eservices (accessed April 5, 2023).

3

and quotations omitted). Mr. Williams has been afforded the opportunity to challenge the trial court's incompetency determination in state court and he retains the ability to challenge the denial of his right to self-representation if he is convicted. *See State v. Williams*, No. 2022-CA-0055, 2023 WL 2619173, 2023-Ohio-965 (affirming trial court's incompetency determination).

As for the speedy trial and reasonable bond issues, there is no indication that the trial court has struck or otherwise refused to consider any motion filed by Mr. Williams's counsel addressing these issues.

Accordingly, Mr. Williams's second objection is **OVERRULED**.

## C. Bad-faith Prosecution

In his third objection, Mr. Williams argues that the bad-faith prosecution exception to *Younger* abstention applies to his case. (ECF No. 7, PAGIED # 43.) Mr. Williams represents that the state court judge acted in bad faith by appointing counsel to represent him against his will and that prosecutors acted in bad faith by allowing that appointment to occur. (ECF No. 7, PAGIED # 40–44.) This is insufficient to justify federal intervention into state court matters. *See, e.g.*, *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (The bad-faith prosecution exception applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.").

Mr. Williams's third objection is **OVERRULED**.

### D. Extraordinary Circumstances

In his final objection, Mr. Williams argues that immediate intervention is justified because his state prosecutions involve the sort of "extraordinary circumstances" outlined in *Kugler v. Helfarnt*, 421 U.S. 117 (1975). (ECF No. 7, PAGEID # 41–43.) In particular, Mr. Williams argues that he should not be subject to criminal prosecution with defense counsel who has been appointed against his will. (*Id.* at 41.) In *Kugler*, the Supreme Court explained that:

> Although the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute "irreparable injury" in the "special legal sense of that term," the Court in *Younger* left room for federal equitable intervention in a state criminal trial. . . where there exist other "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."

*Id.*, at 124, 95 S. Ct. at 1530 (quoting *Younger v. Harris*, 401 U.S. 37, 46, 53, 91 S. Ct. 746, 751, 755 (1971).) The alleged denial of Mr. Williams's right to self-representation is not an irreparable injury. When raised at the appropriate juncture, denial of the right to self-representation is "*per se* reversible error" and the remedy is a new trial. *State v. Cassano*, 2002–Ohio–3751, 96 Ohio St.3d 94, 772 N.E.2d 81, ¶ 32; *see also Smith v. Coleman*, 521 F. App'x 444, 446 (6th Cir. 2013) (noting that an Ohio Court of Appeals ordered a new trial for a defendant who successfully argued on direct appeal that he was denied the right to self-representation).

Accordingly, Mr. Williams's final objection is **OVERRULED**.

5

### III.    CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 5) and **OVERRULES** Petitioner's Objections (ECF Nos. 7, 8). The Clerk will enter judgment that Petitioner's new filing is **DISMISSED without prejudice** to refiling (with respect to speedy trial and reasonable bond issues) **<u>after</u>** state-court remedies have been fully exhausted. Because reasonable jurists would not disagree with this conclusion, the Court **DENIES** certificate of appealability. The Court **CERTIFIES** that any appeal of this dismissal would not be taken in good faith, and on that basis, Petitioner is **DENIED** leave to proceed *in forma pauperis* on appeal.

The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
